THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                         Case No. 26-CR-54-JFH

TREVOR LEE WHITE,

       Defendant.

## OPINION AND ORDER

Before the Court is Defendant Trevor Lee White's Motion to Dismiss ("Motion") for Failure to State an Offense. Dkt. No. 33. The United States of America ("Government") opposes the Motion. Dkt. No. 34. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On April 15, 2026, a federal grandy jury indicted Defendant with Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8). Dkt. No. 2. According to the Indictment, Defendant possessed a firearm and ammunition on July 27, 2024, after previously being convicted of a felony. His trial is currently set for October 5, 2026. Dkt. No. 32.

## AUTHORITY AND ANALYSIS

Defendant moves for dismissal of his Indictment, arguing that 18 U.S.C. § 922(g) is facially unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), Dkt. No. 33 at 2. Defendant acknowledges that his argument is foreclosed by Tenth Circuit precedent, but he files his Motion to preserve the record for future appeal. *Id.* at 1.

In 2009, the Tenth Circuit held § 922(g)(1)—which prohibits individuals with felony convictions from possessing firearms— is a constitutional restriction on a convicted felon's Second Amendment rights. *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). Over a decade

later, in 2022, the United States Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which concluded that the Second Amendment prohibits a state form requiring gun owners to demonstrate a special need to obtain a concealed carry license to carry a firearm in public.  597 U.S. 1, 71 (2022).  In doing so, the Supreme Court set out a two-step test for determining whether legislation regulating the use or possession of firearms violates the Second Amendment.  First, a court considering such a challenge must determine whether the Second Amendment's "plain text covers an individual's conduct."  *Id.* at 24. If so, "the Constitution presumptively protects that conduct," and "the government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Id.*

Then, in 2024, the Supreme Court applied that test in *United States v. Rahimi* to § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 602 U.S. 680 (2024).  The Court ultimately concluded that restriction passed constitutional muster.  *Id.* at 702.  In doing so, the Court recognized that it had "never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home.  In fact, [the Court's] opinion [in *Heller*] stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"  *Id.* at 699 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)).

Most recently, in 2025, the Tenth Circuit in *Vincent v. Bondi* explained that these two Supreme Court cases did not abrogate *McCane*'s prior holding that § 922(g)(1) is a constitutional restriction on a convicted felon's Second Amendment rights. 127 F.4th 1263, 1266 (10th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 160 (Mar. 2, 2026).  *McCane*'s holding thus remains binding on this Court.  Accordingly, Defendant's Motion to Dismiss must be denied pursuant to *McCane* and *Vincent v. Bondi*.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Dkt. No. 33] is DENIED.

Dated this 5th day of June 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

3