**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TREVOR LEE WHITE,**<br><br>**Defendant.** | **Case No. 26-CR-54-JFH** |

**<u>OPINION AND ORDER</u>**

Before the Court are Defendant Trevor Lee White's Objections [Dkt. No. 31] to the United States of America's ("Government") Notice of Intent to Intent to Introduce Defendant's Prior Convictions under Federal Rule of Evidence 609 [Dkt. No. 27]. For the following reasons, Defendant's Objections are SUSTAINED IN PART and OVERRULED IN PART.

**BACKGROUND**

On April 15, 2026, a federal grandy jury indicted Defendant with Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(8). Dkt. No. 2. According to the Indictment, Defendant possessed a firearm and ammunition on July 27, 2024, after previously being convicted of a felony. His trial is currently set for October 5, 2026. Dkt. No. 32. If he chooses to testify, the Government seeks to impeach him with eleven (identified as ten in its Rule 609 Notice) of his prior convictions. Dkt. No. 27.

**AUTHORITY AND ANALYSIS**

Federal Rule of Evidence 609 provides several scenarios where the Government can impeach a defendant-witness's character for truthfulness with his prior criminal convictions.

First, convictions of a crime punishable by death or imprisonment for over one year must be admitted for such purposes if "the probative value of the evidence outweighs its prejudicial

effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The Tenth Circuit has identified five factors to consider whether exclusion of evidence is warranted under this Rule. *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). These are: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.*

Second, a prior conviction for any crime, regardless of its punishment, must be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). "[C]rimes characterized by an element of deceit or deliberate interference with the truth are per se crimes of dishonesty or false statement." *Burke v. Regalado*, 935 F.3d 960, 1017 (10th Cir. 2019) (quotations and citations omitted). Importantly, "admission of evidence under Rule 609(a)(2) is not subject to the Rule 403 balancing test." *Id.* at 1018. So, evidence of conviction of a *crimen falsi* must be admitted for impeachment purposes, regardless of its prejudicial effect.

Finally, if more than ten years have passed since the defendant-witness's conviction or release from confinement for it, whichever is later, then that conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

**A. Defendant's 2008 and 2009 convictions are inadmissible for impeachment purposes.**

Pursuant to its Rule 609 Notice, the Government seeks to impeach Defendant with five felony convictions from 2008 and 2009. These are:

(1) A conviction on December 15, 2008, for possession of a stolen vehicle (Case No. CF-2008-438, Bryan County, Okla.);

(2) A conviction on June 11, 2009, for second-degree burglary (Case No. CF-2008-110 Bryan County, Okla.);

(3) A conviction on June 11, 2009, for larceny of automobile (Case No. CF-2008-115, Bryan County, Okla.);

(4) A conviction on June 11, 2009, for two counts of second-degree burglary (Case No. CF-2009-69, Bryan County, Okla.); and

(5) A conviction on June 11, 2009, for aggravated assault and battery (Case No. CF-2009-197, Bryan County, Okla.).

Dkt. No. 27 at 1. All of these convictions occurred over ten years ago, and the Government does not provide a release date from confinement for any of these convictions. Accordingly, these convictions are admissible only if their "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). And, the Government provides no supporting facts, circumstances, or any other argument as to why the relevancy of these convictions substantially outweigh their prejudicial effect. These convictions are therefore INADMISSIBLE for impeachment purposes.

**B. Defendant's 2017 and 2020 convictions are admissible for impeachment purposes.**

The Government also seeks to admit another six of his felony convictions from 2017 and 2020. These include:

(6) A conviction on September 6, 2017, for false personation of another to create liability (Case No. CF-2017-425, Bryan County, Okla.);

(7) A conviction on October 23, 2020, for third-degree burglary (Case No. CF-2019-396, Bryan County, Okla.);

(8) A conviction on October 23, 2020, for third-degree burglary (Case No. CF-2019-444, Bryan County, Okla.);

(9) A conviction on October 23, 2020, for eluding/attempting to elude a police officer (Case No. CF-2020-19, Bryan County, Okla.);

(10) A conviction on October 23, 2020, for possession of a stolen vehicle (Case No. CF-2020-19, Bryan County, Okla.); and

(11) A conviction on October 23, 2020, for knowingly concealing stolen property (Case No. CF-2020-57, Bryan County, Okla.).

Dkt. No. 27 at 1. All of these convictions are admissible for impeachment purposes.

**1. Defendant's 2017 conviction for false personation and 2020 conviction for knowingly concealing stolen property must be admitted under Rule 609(a)(2).**

Two of these convictions must be admitted under Rule 609(a)(2). The first is Defendant's 2017 conviction for false personation under 21 Okla. Stat. § 1531. A conviction under this statute requires that (1) "the defendant falsely assumed the identity of another person;" (2) "the impersonation of that identity was intentional;" (3) "under that false identity the defendant did any act that might have made the other person liable to (any lawsuit or prosecution)/(pay any money)/(incur any charge/forfeiture/penalty);" (4) "if the act had been done by the other person." Okla. Uniform Jury Instructions CR 5-50. Based on these elements, the Court "can readily determine" that this conviction required a dishonest act—the intentional false impersonation of another. Furthermore, other federal courts have also held that convictions for false personation are admissible under Rule 609(a)(2). *See, e.g.*, *United States v. Jones*, 554 F. App'x 460, 471 (6th Cir. 2014); *United States v. Gomez*, 772 F. Supp. 2d 1185, 1195 (C.D. Cal. 2011); *Brandon v. Kinter*, 13-CV-939, 2021 WL 3032693, at *3 (N.D.N.Y. July 19, 2021). Accordingly, this conviction must be admitted.

The same is true for Defendant's 2020 conviction for knowingly concealing stolen property. There, Defendant was convicted under 21 Okla. Stat. § 1713, which requires the prosecution to establish that (1) Defendant concealed (2) stolen property (2) from the owner or from the person having a possessory right of that property (4) that the Defendant knew or reasonably should have known was stolen, and (5) Defendant intended to permanently deprive the owner or person of that property. *See* Okla. Uniform Jury Instructions CR 5-113. This crime also involved an element of deceit—the concealment of stolen property from its owner or rightful possessor. Furthermore, other courts have held that concealment of stolen property may be admissible under Rule 609(a)(2). *See, e.g.*, *McHenry v. Chadwick*, 896 F.2d 184, 189 (6th Cir.

1990) (discussing *Tennessee v. Martin*, 642 S.W.2d 720, 724 (Tenn. 1982); *Alexander v. Hoffner*, No. 15-CV-11364, 2018 WL 4658682, at *6 (E.D. Mich. Sept. 27, 2018) (discussing *Michigan v. Alexander*, No. 306085, 2012 WL 6215272, at *2-3 (Mich. Ct. App. Dec. 13, 2012)). Therefore, this conviction must be admitted as well.

**2. Defendant's 2020 convictions for burglary, eluding/attempting to elude police, and possession of a stolen vehicle are admissible under Rule 609(a)(1).**

Because Defendant's remaining convictions (listed as 7-10 above) occurred within the last ten years and did not clearly require a dishonest act or false statement, the Court must examine the admissibility of these convictions under Rule 609(a)(1). This requires application of the *Smalls* factors. *See* 752 F.3d at 1240. These factors ultimately favor admission.

The first *Smalls* factor requires the Court to evaluate the impeachment value of a defendant's prior crimes. *Id.* "[A] prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *2 (N. D. Okla. June 4, 2021). Indeed, "prior convictions for robbery are probative of veracity." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995) *see also United States v. Brown*, 784 F.2d 1033, 1039 (10th Cir. 1986) (affirming admission of prior burglary conviction under Rule 609). The same is true for eluding or attempting to elude police and for possession of a stolen vehicle. *See United States v. Crittenden*, No. 23-CR-018-GKF, 2023 WL 2967891, at *3 (N.D. Okla. Apr. 17, 2023) (stating that "eluding a police officer suggests dishonesty" for purposes of Rule 609); *see also United States v. Lee*, No. CR-24-214-RAW, 2025 WL 1490044, at *2 (E.D. Okla. May 16, 2025) ("Each of the listed crimes has impeachment value – the convictions for possession of a stolen vehicle and eluding/attempting to elude having the most"). Because these convictions bear on Defendant's veracity, this factor favors admission.

The second factor considers the duration of time between a defendant's prior convictions and the current offense. Importantly, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). And here, Defendant has had six felony convictions within the last ten years, five of which occurred within four years of his alleged possession of a firearm. The number of convictions within this relatively recent period favors admission.

The third *Smalls* factor, which compares the similarity of the current charged crime to a defendant's prior convictions, "weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *Caldwell*, 760 F.3d at 288). Indeed, "[t]he greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.* This danger is lower here. Indeed, none of Defendant's remaining crimes involved a firearm-related charge. This factor also favors admission.

When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979)). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.* Defendant's remaining convictions concern burglary, possession of property, eluding the police. None of these

convictions are particularly prejudicial or otherwise paint Defendant as a heinous or dangerous individual. Thus, this factor favors admission as well.

Finally, when evaluating "the centrality of defendant's credibility at trial," the Court must consider "whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.* (citing *Caldwell*, 760 F.3d at 288). Here, the Government will likely introduce investigation reports, photographs, and other physical evidence related to Defendant's possession of the firearm and ammunition. Thus, this case is less likely to be "reduced to a swearing contest between witnesses," and his credibility is less likely to be a deciding factor in his guilt. *Id.* Accordingly, this factor disfavors admission.

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). Here, four of the five *Smalls* factors—including their impeachment value—favor admission. Therefore, Defendant's 2020 convictions for burglary, eluding/attempting to elude police, and possession of a stolen vehicle are admissible under Rule 609(a)(1).

## **CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Objections [Dkt. No. 31] to the Government's Rule 609 Notice [Dkt. No. 27] are SUSTAINED IN PART and OVERRULED IN PART. Defendant's convictions from 2008 and 2009 are inadmissible for impeachment purposes. In contrast, Defendant's convictions from 2017 and 2020 are admissible for impeachment

purposes. The scope of impeachment will be limited to "the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Commanche*, 577 F.3d 1261, 1271 (10th Cir. 2009). Finally, these rulings are preliminary and subject to change as the trial unfolds.

Dated this 18th day of August 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE